## Hopkins County Coal Company v. Williams, et al.

(Decided March 1, 1927.)

### Appeal from Hopkins Circuit Court.

1.   Marriage.—Evidence held to sustain Workmen's Compensation Board's finding of common-law marriage between compensation claimant and deceased employee, who lived together as husband

and wife in Alabama, entitling claimant to award for employee's death.

2. . Marriage.—A marriage, vaild where it takes place, is valid everywhere.

LEVI & BRYSON for appellant.

COX & GRAYOT for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Affirming.

Aaron Williams was an employee of the Hopkins County Coal Company. Both had accepted the provisions of the Workmen's Compensation Act. Williams was killed in an accident. Amy Williams filed a claim as his widow before the Workmen's Compensation Board. The board allowed her $12.00 a week for 335 weeks. Thereupon the coal company filed this action in the Hopkins circuit court to review the action of the board. The circuit court dismissed the petition. The coal company appeals.

The only ground of complaint is that Amy Williams failed to prove that she was the wife of Aaron Williams. She did not prove a statutory marriage, but she did prove that a common-law marriage is good in Alabama, where she and Williams lived. The facts shown are these: They lived at Martin Station, Alabama, and began living together there about twenty-three years ago, when she was sixteen years old. Before they began living together she was known as Amy Marbley. After they began living together she was known as Amy Williams. They lived there in the same house for ten or twelve years, and then moved to Whatlay, Alabama, and lived there in the same way seven or eight years. They then moved to Hopkins county, Kentucky, and lived there in the same way until Aaron Williams was killed. One witness at Martin Station testifies: "I heard that they were married; I was not present at the marriage." This proof brings the case within the well-settled rule, which is thus stated in 18 R. C. L. p. 429:

"But a legal marriage may be established in other ways than by showing express consent. It may be shown by what is called habit or repute. Cohabitation as husband and wife is a manifestation of the parties having consented to contract such relations inter se. It is holding forth to the world by the man-

ner of daily life, by conduct, demeanor and habits, that the man and woman who live together have agreed to take each other in marriage, and to stand in the mutual relation of husband and wife."

The rule is also thus stated in 38 C. J. p. 1377:

"Independent of any direct or documentary evidence, a marriage may be circumstantially established by the fact that a man and woman have for a considerable period of time openly cohabited as husband and wife and recognize and treat each other as such, so that they are generally reputed to be married among those who have come in contact with them."

"The presumption of marriage from a cohabitation, apparently matrimonial, is one of the strongest presumptions known to the law." 18 R. C. L. p. 433.

The parties are negroes. They lived together as husband and wife for over twenty years, and she was known by his name and went with him from one place in Alabama to another, and then from that place to Kentucky, and there lived with him as she had in Alabama. The decision of the Workmen's Compensation Board is sustained by the evidence. A marriage valid where it takes place is valid everywhere.

Judgment affirmed.